CHARLES J. CARPENTER, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

Verdict held not to be contrary to evidence.

Misdemeanor, in Richmond Superior Court. Tried before Judge HOLT, at November Term, 1858.

Charles J. Carpenter was indicted for receiving from a slave, without the written permission of the owner of said slave, eight hides, of the aggregate value of thirty-four dollars, the property of Daniel Kirkpatrick, sen'r.

The defendant pleaded not guilty.

### Brief of Evidence—For the State.

*Daniel Kirkpatrick*, sworn: On or about the 24th of September, 1857, in Richmond county, I lost eight slaugh-

Carpenter vs. The State.

tered beef hides, of the value of thirty-four dollars. They were taken from one of my houses, which was locked. The house was broken into. I found them at Carpenter's. I had a search warrant. The hides were found in the back part of the lot. There were other hides there. After the warrant was served, and about one half of it read, defendant said to me, Did you not receive a note from me? I replied that I had not. The question was repeated, with the same answer, and upon its being repeated the third time, I replied, that I was not in the habit of lying. He told Rhodes that he had the hides, and that a negro brought them there the night before. All this happened in this county.

*Cross-Examined.*—He said that he brought them there, or got them from a negro; dont know which. He said that he had written several notes to the butchers in the market: he pointed out the hides. If door had been opened, the hides could not have been seen from the street. The butchers and myself among the rest, give our negroes permission to sell meat after market hours; and it is usual for them to do so. It was ten or eleven o'clock when we went there.

*James H. Rhodes*, sworn : I arrested Charles J. Carpenter, on the twenty-fifth day of September, 1857, in this city. Was at the time a county constable of Richmond county. I arrested him with a warrant issued at the instance of Daniel Kirkpatrick, sen'r. It was a search warrant. When I walked in Carpenter's house, Carpenter came out from his dinner. I told Carpenter that I had a document for him. He asked me what it was. I told him that it was a search warrant. Carpenter appeared much excited. I told Carpenter that my object was to search for hides. Carpenter said that the hides were there, and that he got the hides from a negro about three o'clock in the morning. I told Carpenter that I must do my duty. I then proceeded to read the warrant; whilst reading the warrant, Daniel Kirkpatrick, sen'r., came in. Carpenter asked him if he had not received some notes from him. His answer was no. He asked him the

third time; the reply was, that he was not in the habit of lying. Kirkpatrick said I want my hides. Carpenter said that he had written three notes to the butchers in the market. He asked him to whom he addressed them. He said to the bearer. Rhodes asked him, why he did not arrest the negro that brought the hides. Carpenter answered that he did not know that he had the authority. We all went back to a cow shed attached to the stable, the door of the shed was ajar. Upon entering the shed, Kirkpatrick identified his hides, eight in number; there were other hides there. Rhodes took Carpenter and carried him before Justice Levy. On his way he asked him, if he would ask him a question, if he would answer it? He told him to ask the question, and he would tell him, whether he would answer it or not. He then asked him, if any body was with Kirkpatrick when he came to Justice Levy's for a warrant? Rhodes answered him that there was. He asked if it was Capt. Campbell? The answer was no. Kirkpatrick did not say, that if Carpenter would pay him for all the hides that he had lost, that he would drop the prosecution against Carpenter.

The jury found the defendant guilty, but recommended him to the mercy of the Court.

The defendant moved for a new trial:

1st. Because the verdict was contrary to law.

2d. Because the verdict was contrary to evidence and decidedly and strongly against the weight of evidence.

3d. Because the Court charged the jury, that if the defendant received the hides from a negro, the legal presumption was, that the negro was a slave, and that said presumption must stand until rebutted.

The Court overruled the motion for a new trial and defendant excepted.

MILLERS & JACKSON; and E. J. WALKER, for plaintiff in error.

Attorney General McLAWS, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

We see no error in this case. The only ground insisted on is, that the " verdict was contrary to the evidence and decidedly and strongly against the weight of evidence."

But we think that the evidence was sufficient to support the verdict.

Judgment affirmed.